IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-00240-GPM-DGW |
| ) | |
| DANA ARNOLD and KIM CLEVY, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on a Motion for Summary Judgment filed by Defendants Dana Darnold and Kim Clevy (Doc. 17). For the reasons discussed below, it is **RECOMMENDED** that the Court **DENY** Defendants' Motion for Summary Judgment and adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff James Brown ("Brown") filed this action on March 27, 2009, alleging that while he was an inmate at the Lawrence Correctional Center between March 30, 2007 and April 1, 2007 Nurses Dana Darnold and Kim Clevy were deliberately indifferent to the pain he experienced in his back and legs (Doc. 1). In Count I of his Complaint, Brown alleges that Defendants subjected him to cruel and unusual punishment by deliberate indifference to serious medical needs in violation of the Eighth Amendment as Defendants failed to provide adequate medical treatment for his injuries (Doc. 1). Count II of Brown's Complaint is a retaliation claim.

Brown maintains that Defendant Darnold retaliated against him for exercising his First Amendment right to file a grievance by making threats to withhold treatment. *Id*.

On December 8, 2009, Defendants filed a Motion for Summary Judgment alleging Brown failed to exhaust his administrative remedies with the Illinois Department of Corrections ("IDOC") prior to filing suit as required under 42 U.S.C. § 1997e (Doc. 17). Brown maintains that he did file grievances prior to the initiation of this lawsuit, but claims that the grievances were denied by the prison personnel (Doc. 1).

On June 3, 2010, the undersigned held a hearing in accordance to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). At the hearing, Defendants submitted an affidavit sworn by Terri Anderson, Chairperson for the Administrative Review Board ("ARB") in the office of Inmate Issues with the IDOC (Doc. 17-1). Ms. Anderson was charged with searching ARB records for grievances filed by Brown against Nurses Darnold and Clevy. Ms. Anderson initially stated that she searched Brown's inmate file and did not find any grievances that referenced Defendants Darnold or Clevy. After physically searching her files at the hearing, Ms. Anderson was able to locate a copy of the correspondence sent to Brown by the ARB rejecting his April 2007 grievance (Doc. 35, pgs 10-14).

Brown argued that he exhausted his administrative remedies with respect to his claims against Defendants as he sent a copy of his grievance directly to the ARB in April 2007. Brown contended that his grievance was an emergency grievance as stated in 730 Ill. Comp. Stat. 5/3-8-8 (c), which can be filed directly with the ARB. According to Ms. Anderson, the ARB returned the grievance to Brown on April 17, 2007, directing him to obtain responses from the counselor and grievance officer (Doc. 35, pgs 15, 24).

After ARB returned the grievance to him, Brown stated that he forwarded the grievance to counselor Forrest Harvey.  On June 17, 2007, Brown received the returned grievance, along with a memorandum from grievance officer Dwayne Volkman, stating that the grievance was untimely.  Brown did not send the grievance back to ARB after he received Mr. Volkman's response.  Brown stated that sending the grievance back to the ARB would have been futile as the ARB had previously directed him to get a counselor's response and the counselor never responded. Brown then filed other grievances regarding the designation by Mr. Volkman that his grievance was untimely (Doc. 35, pgs 24, 30-32).

Defendants maintained that Brown did not exhaust his administrative remedies as the ARB received no further appeals from him after April 19, 2007.  Once Brown received the rejection letter from ARB, he should have followed the appropriate procedures to file an appeal with the ARB.  With respect to Brown's claim that he was permitted to file a grievance directly to the ARB, Defendants argued that direct filing of grievances to the ARB was not allowed and that the Warden was the correct person to receive emergency grievances (Doc. 35, pgs 23, 26-27).

## CONCLUSIONS OF LAW

Summary Judgment is proper "if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton,* 604 F.3d 464, 467 (7th Cir. 2010). The Court must construe all facts in light most favorable to Plaintiff, as the non-moving party, and draw all reasonable inferences in his favor.  *Ogden v. Atterholt,* 606  F.3d 355, 358 (7th Cir. 2010).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a).  That statute states, in pertinent part, that "no action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted.*" *Id.* (emphasis added).

As an inmate confined within the IDOC, Brown was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. Ill. Admin. Code tit. 20 §504.800 *et seq* (2010). The grievance procedures first require inmates to speak with their counselor about their complaint. Ill. Admin. Code tit. 20 §504.810(a) (2010). Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

Ill. Admin. Code tit. 20 §504.810(a)(b) (2010). "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer . . . [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." Ill. Admin. Code tit. 20 §504.830(d) (2010). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the ARB. *Id.*

4

*Availability of Administrative Remedies*

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13, 2009 WL 330531 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance, s*ee Kaba*, 458 F.3d at 684, but an inmate "cannot be faulted for not knowing how best to respond to the prison authorities' inaction." *Wilder*, 310 Fed.Appx. at 14.

**Direct File with the ARB**

Brown maintains that he is allowed to file his "emergency" grievance directly with the ARB and therefore, he followed all applicable requirements to exhaust his administrative remedies. Plaintiff relies on 730 Ill. Comp. Stat. 5/3-8-8(c).[2] Section 5/3-8-8(c) requires the director of IDOC to establish procedures that "allow committed persons to communicate grievances directly to the Director or some person designated by the Director outside of the institution or facility where the person is confined." 730 Ill. Comp. Stat. 5/3-8-8(c) (2010).

---

[2] Brown referenced this statute in his April 2007 grievance sent to the ARB (Doc. 1-1, p. 9).

IDOC followed this directive at Ill. Admin. Code tit. 20 §504.870.  This section establishes a procedure for direct review of grievances by the ARB and identifies four areas of grievances that can be submitted directly to the ARB:

> 1) Decisions regarding protective custody placement, including continued placement in or release from protective custody;
>
> 2) Decisions regarding the involuntary administration of psycho tropic Medication;
>
> 3) Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned; and
>
> 4) Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.

Ill. Admin. Code tit. 20 §504.870 (2010).  Further, §504.840 sets out the procedure for the filing of emergency grievances.  It states in pertinent part:

> An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.
>
> a) If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.
>
> b) The Chief Administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

Ill. Admin. Code tit. 20 §504.840 (2010).  Evidently, Brown's grievance does not fall within any of the categories set forth in §504.870.  Thus, Brown should have filed his "emergency grievance" with the warden of the IDOC.  Since he filed his grievance directly with the ARB, he did not follow the procedures established by IDOC to exhaust his administrative remedies.

**Exhaustion of Remedies as to Defendants Darnold and Clevy**

Defendants Darnold and Clevy maintain that Brown did not exhaust all administrative remedies that were available to him. Brown further alleges that the prison authorities frustrated his efforts to resolve his grievance regarding Defendants Darnold and Clevy. Defendants allege that a grievance filed by Brown in April 2007 was returned to him because it did not contain the counselor or grievance officer's response. Additionally, Brown maintains that when he received the grievance back from the ARB he forwarded it to the counselor, and he never received a response. He contends the only response he ever received at the institution was from the grievance officer who stated his grievance was out of time. Brown does not dispute that he did not send the grievance back to the ARB. He maintains that to send it back to the ARB at that point would have been futile because he still did not have a response from the counselor.[3]

"Available" is not defined in §1997e. The Seventh Circuit has stated, "[t]he exhaustion requirement of §1997e(a) does not require that inmates appeal from unresolved grievances. It is enough that an inmate exhaust available remedies, and a prison system that fails to respond to an inmate's grievance has made its grievance process unavailable." *Towns v. Holton,* 346 Fed.Appx. 97 (7th Cir. Sept. 22, 2009)(citing *Walker v. Sheahan,* 526 F.3d 973, 979 (7th Cir. 2008); *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002)).

In *Town,* an inmate sent a grievance directly to the ARB after his grievance officer failed to respond to his grievance after two months. *Towns,* 346 Fed.Appx. at 98. At the *Pavey* hearing, the defendant argued that the inmate did not exhaust his administrative remedies and submitted an

---

[3] At the *Pavey* hearing Plaintiff produced a copy of the grievance without a counselor's response. He testified that the counselor's response only appeared on documents after he grieved the fact that the counselor never responded (Doc. 35, p. 35).

affidavit from a IDOC employee who claimed that she "searched the Administrative Review Board's files and located appeals from Towns before and after 2003 but found no record of [the grievances at issue]." *Id.* The district court sided with the defendants based on the affidavit from the IDOC employee. *Id.* "The court reasoned that other appeals filed by Towns had made their way to the Board, and so the absence of appeals in this instant must be the fault of [the inmate]. *Id.* at 99.

The Seventh Circuit vacated that decision, and while it acknowledged that the district court was not compelled to accept [the inmate's word] that he submitted his grievances and received no response, it was error for the court to accept the defendants' "misguided premise" that exhaustion did not occur because he did not appeal rulings that he never received. *Towns,* 346 Fed.Appx. at 99-100.

That is exactly the issue in the case at bar, Brown received his grievance back from the ARB with instructions to get a counselor and grievance officer's response. He forwarded that on to the counselor, never received a response from the counselor and when he did receive a response from the grievance officer he was told his grievance was out of time. Brown did not send that response back to the ARB. He testified that to send it at that point would have been useless because he had been told to get a counselor's response which he never did. The Court finds Brown's testimony to be credible. Based upon the testimony adduced at the hearing, the Court believes that Defendant Darnold has not met her burden of proving that Brown failed to exhaust all administrative remedies that were available to him as to claims against her.

As to Nurse Clevy, she was not identified by name in the April 2007 grievance. Brown identified Nurse Darnold and another nurse who he believed to be Darnold's daughter. While Brown did not identify Clevy by name, there was enough information contained in the grievance

for the IDOC to identify the specific nurses who were on duty the date of the incident of which Brown was complaining.  Brown referenced an age difference between Darnold and Clevy, and made reference to them as mother and daughter because he believed they shared certain physical traits.  Additionally, there was no evidence produced that multiple nurses manned the health unit on the date of the incident so as to preclude IDOC from determining which nurses Brown complained of.  Accordingly, the Court finds that Brown exhausted all administrative remedies that were available to him as to Defendant Clevy.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Defendants' Motion for Summary Judgment (Doc. 17) be **DENIED,** and the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: August 17, 2010**

                 s/ *Donald G. Wilkerson*
                 **DONALD G. WILKERSON**
                 **United States Magistrate Judge**